**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLAUDINE RENEE CORTES**<br>213 Summit Trace Road<br>Langhorne, PA 19047<br><br>    *Plaintiff,*<br><br>    vs.<br><br>**HERSHA HOSPITALITY<br>MANAGEMENT a/k/a HHM**<br>510 Walnut Street, 9th Floor<br>Philadelphia, PA 19106<br><br>    -and-<br><br>**HHLP RITTENHOUSE LESSEE, LLC**<br>*d/b/a* **THE RITTENHOUSE SPA & CLUB**<br>210 W. Rittenhouse Square<br>Philadelphia, PA 19103<br><br>    *Defendants.* | No. _____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Claudine Renee Cortes (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Hersha Hospitality Management a/k/a HHM and HHLP Rittenhouse Lessee, LLC *d/b/a* The Rittenhouse Spa & Club (hereinafter referred to as "Defendants") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Crime Victims' Employment Protection Act, Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq.*), and the Philadelphia Fair Practices Ordinance

("PFPO"). [1] Plaintiff asserts herein that she was terminated, subjected to a hostile work environment, and retaliated against by Defendants, her previous employers, in violation of these laws and seeks damages as set forth more fully herein.

## JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to federal law(s). The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Plaintiff's claims under Title VII, the PHRA and PFPO are referenced herein for notice purposes. She is required to wait until she receives a "Right to Sue" letter from the EEOC before initiating a lawsuit pursuant to Title VII, and 1 full year before initiating a lawsuit pursuant to the PHRA from date of dual-filing with the EEOC. Plaintiff's Title VII, PHRA, and PFPO claims however will virtually mirror her claims currently filed pursuant to Section 1981.

6. Plaintiff is an adult individual, with and address as set forth in the caption.

7. Defendant, Hersha Hospitality Management a/k/a HHM is a portfolio of hotels across the United States and Canada that represents luxury and lifestyle hotels including the Rittenhouse Hotel where Plaintiff worked.

8. Defendant, HHLP Rittenhouse Lessee, LLC *d/b/a* The Rittenhouse Spa & Club, is a spa club located within the Rittenhouse Hotel at 210 W. Rittenhouse Square, Philadelphia, PA 19103.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a white (Caucasian) female.

12. Plaintiff was hired to work for Defendants effective on or about March 11, 2022, and in total was employed by Defendants for approximately 8 months.

13. Plaintiff was employed as a full-time Esthetician who was paid by service fees and commissions.

14. Until on or about August 19, 2022, Plaintiff was supervised by Jaleel Britt (*hereinafter* "Britt").

15. Effective on or about October 2, 2022, Plaintiff began being supervised by Robiah Morningstar Murtaza (*hereinafter* "Murtaza").

16. In October 2022, Defendants' prior Director (Lisa Anctil) was replaced by a new

3

Director, Maureen Vipperman (*hereinafter* "Vipperman").

17.  Plaintiff's workplace consisted of more than 50% black (African-American) employees, and there was apparent favoritism towards black employees in the workplace and a pro-black/anti-white tolerance.

18.  On or about September 26, 2022, Plaintiff was assaulted by a black employee named Mia Murray (*hereinafter* "Murray").

19.  In particular, Murray aggressively came at Plaintiff, threatened to hit her for not moving fast enough by saying she would "bop [Plaintiff] upside the head", followed Plaintiff into a hallway, and physically grabbed Plaintiff's hand and twisted and yanked Plaintiff's wrist and thumb, assaulting her.

20.  Plaintiff was somewhat loud in telling Murray to get away from her (out of fear) and in calling for someone from security, and had previously gone to security in attempt to protect herself and de-escalate the situation[2].

21.  Plaintiff was so concerned for her safety and shaken to the core, that Plaintiff called the police and initiated a police report and investigation immediately and made it clear she would participate in said investigation and any court-related proceedings if necessary.

22.  Anyone being assaulted would have conducted themselves in the same (defensive) manner.

23.  To be clear, Plaintiff did nothing wrong and violated no policies in either her engagement with Murray, her defensive response, or her phone call to the police.

24.  Upon information and belief, Murray was not terminated for physically assaulting Plaintiff, and instead only given a final warning, despite an alleged zero tolerance policy for assault

---

[2] Plaintiff was informed by Defendants' management that security was not there to protect her, but instead protect the hotel.

fighting, or similar acts of violence at Defendants.

25. Shockingly, Plaintiff (the victim) was given a disciplinary warning on or about October 2, 2022 for allegedly being "loud" when calling for security and attempting to protect herself.

26. In giving Plaintiff the discipline, Erin Benbrika (*hereinafter* "Benbrika") Defendants' Human Resources employee, and Murtaza (on her first day of employment), expressly told Plaintiff the discipline was **because Plaintiff called the police**, not just being loud (as Plaintiff had disputed the fairness of such discipline).

27. Benbrika specifically stated to Plaintiff, "we have to write you up because calling the police here is a no-no," which Murtaza agreed and stated "yeah, you called the police and that is crazy."

28. This is direct evidence of discrimination under the Crime Victims' Employment Protection Act.

29. Plaintiff was abruptly terminated approximately 6 weeks later (effective November 16, 2022).

30. During that approximate 6-week timeframe, Defendants' management complained or admonished Plaintiff at least 5 different times that she should not have called the police, having police in the facility is bad for business, and other similar statements.

31. This gripe by Defendants' management about Plaintiff calling the police was even raised in very close proximity to Plaintiff's ultimate termination from employment.

32. Plaintiff therefore believes a factor in her termination was the aforesaid "protected activity" of filing a criminal complaint with the police department. *See e.g. Rodgers v. Lorenz*, 25 A.3d 1229, 1232, 2011 Pa. Super. LEXIS 1751 (Pa. Sup. Ct. 2011)(explaining the "Crime Victims'

5

Employment Protection Act" permits a civil action for termination and specified damages due to making a police report for threats or physical violence).

33. Vipperman reinforced a pro-black/anti-white work environment at Defendants.

34. Vipperman laughed at or ignored tremendously inappropriate commentary, language or yelling by black employees.

35. Vipperman hugged new hires if the new hire was black (despite not knowing the person) but did not do this to non-black new employees.

36. Vipperman was very dismissive of Plaintiff or non-black employees in general, typically speaking to non-black employees as if they were annoying.

37. Vipperman would assign Plaintiff less clients as compared to her coworkers, resulting in less commission for Plaintiff, as plaintiff was paid in part on a commission-per-client basis.

38. In addition to Vipperman's direct discrimination and harassment, Plaintiff was also bullied in the workplace by several black employees.

39. Plaintiff was left a voicemail stating she was terminated from her job and people are partying due to her termination, yet this predated Plaintiff's actual termination and was for harassment only.

40. Plaintiff was sent text messages such as: "Yous was locked up in a da crazy looney bin. Straight jacket n all cuz u just a crazy motha fucka!, white traila trash yo cunt wackjob"

41. Another black female was walking around calling people "white bitches" or "spoiled white bitches."

42. Areas of work were smelling like marijuana and black employees were literally coming in high or under the influence and working, yet not disciplined or counseled.

43. Plaintiff heard the "n" word at times from black employees, who were not disciplined or counseled for this language.

44. In Plaintiff's last approximate 2 months of employment, she complained of "racial harassment," "discrimination", or "unfair treatment because she is white" at least 4 times to management.

45. It is clear, a determinative factor in Plaintiff termination was Plaintiff's race and/or complaints of discrimination (in addition to having made a report to the police, as outlined *supra*).

46. The reason for Plaintiff's November 16, 2022 termination was that she purportedly "was not a good fit."

47. When Plaintiff sought further explanation, she was told her termination was because she allegedly stole a client from another coworker which is a verifiably false and pretextual rationale for her termination from employment.

48. Plaintiff was terminated for discriminatory, retaliatory, and unlawful reasons only.

**COUNT I**
**Violations of 42 U.S.C. § 1981**
**(Discrimination, Retaliation & Hostile Work Environment)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff was subjected to a barrage of discriminatory and stereotypical comments, accusations, and discipline while employed by Defendants.

51. These actions are a part of a widespread practice of Defendants which establish a practice of stereotyping and discriminating against white (Caucasian) or non-black employees, including Plaintiff.

52. Plaintiff regularly complained about this discriminatory and retaliatory treatment to Defendants' management (in Plaintiff's last approximate 2 months of employment, she

complained of "racial harassment," "discrimination", or "unfair treatment because she is white" at least 4 times to management) but upon information and belief, Defendant's management and Human Resources failed to do any meaningful investigation into Plaintiff's complaints and the discriminatory treatment continued.

53. It is clear, a determinative factor in Plaintiff termination was Plaintiff's race and/or complaints of discrimination (in addition to having made a report to the police, as outlined *supra*).

54. The reason for Plaintiff's November 16, 2022 termination was that she purportedly "was not a good fit."

55. When Pla intiff sought further explanation, she was told her termination was because she allegedly stole a client from another coworker which is a verifiably false and pretextual rationale for her termination from employment.

56. Plaintiff was terminated for discriminatory, retaliatory, and unlawful reasons only.

57. Plaintiff believes and therefore avers that she was terminated, retaliated against, and subjected to a hostile work environment because of her race and/or her objections to/complaints of race discrimination. These actions as aforesaid constitute unlawful discrimination and retaliation and a hostile work environment under Section 1981.

### COUNT II
### Violations of 18 Pa.C.S.A. § 4957(a) (the "Crime Victims' Employment Protection Act") (Wrongful Termination)

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff was the employee of Defendants and was assaulted by a coworker, Mia Murray.

60. In response to said assault, Plaintiff called the police and initiated a police report and investigation immediately and made it clear to Defendants' management she was reporting a crime and would participate in related court proceedings if necessary.

61. To be clear, Plaintiff did nothing wrong and violated no policies in either her engagement with Murray, her defensive response, or her phone call to the police.

62. Upon information and belief, Murray was not terminated for physically assaulting Plaintiff, and instead only given a final warning, despite an alleged zero tolerance policy for assault fighting, or similar acts of violence at Defendants.

63. Shockingly, Plaintiff (the victim) was given a disciplinary warning for being "loud" when calling for security and attempting to protect herself.

64. In giving Plaintiff the discipline, Murtaza expressly told her the discipline was **because Plaintiff called the police**, not just being loud (as Plaintiff had disputed the fairness of such discipline).

65. This is direct evidence of discrimination under the Crime Victims' Employment Protection Act.

66. Plaintiff was abruptly terminated approximately 6 weeks later (effective November 16, 2022).

67. During that approximate 6-week timeframe, Defendants' management complained or admonished Plaintiff at least 5 different times that she should not have called the police, having police in the facility is bad for business, and other similar statements.

68. This gripe by Defendants' management about Plaintiff calling the police was even raised in very close proximity to Plaintiff's ultimate termination from employment.

9

69.     Plaintiff therefore believes a factor in her termination was the aforesaid "protected activity" of filing a criminal complaint with the police department. *See e.g. Rodgers v. Lorenz*, 25 A.3d 1229, 1232, 2011 Pa. Super. LEXIS 1751 (Pa. Sup. Ct. 2011)(explaining the "Crime Victims' Employment Protection Act" permits a civil action for termination and specified damages due to making a police report for threats or physical violence).

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of retaliating against employees and is to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits

C.      Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esq.
Allison A. Barker, Esq.
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 16, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Claudine Renee Cortes<br>v.<br>Hersha Hospitality Management a/k/a HHM, et al. | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12/16/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 213 Summit Trace Road, Langhorne, PA 19047

Address of Defendant: 510 Walnut Street, 9th Floor, Philadelphia, PA 19106; 210 W. Rittenhouse Square, Philadelphia. PA 19103

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/16/2022   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/16/2022   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CORTES, CLAUDINE RENEE

### DEFENDANTS
HERSHA HOSPITALITY MANAGEMENT a/k/a HHM, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Burks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | **Other:** | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SECTION 1981 (42USC1981); TITLE VII (42USC2000)

Brief description of cause:
Violations of the SECTION 1981, TITLE VII, Crime Victims' Employment Protection Act, PHRA & PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 12/16/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]